IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41365
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDUARDO BRISENO-AVILA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-398-1
--------------------
January 30, 2003

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduardo Briseno-Avila appeals from his conviction of possession with intent to distribute cocaine and importation of cocaine. He contends that the district court erred by admitting testimony based on business records that were lacking in foundation and that the testimony should not have been allowed without introduction of the records themselves; that the evidence was insufficient to support his conviction and sentence because there was insufficient proof that he knew a hidden compartment in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his vehicle contained a controlled substance and because the Government failed to prove his knowledge of the type and quantity of the substance in the hidden compartment; that 21 U.S.C. §§ 841 and 952 are facially unconstitutional in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and that the district court erred by failing to adjust his offense level for his mitigating role in the offense.

Briseno did not object to Daniel Espinosa-Cruz's testimony based on the business records of Kiosko, a Mexican ice cream company for which Briseno worked. As to Espinosa's testimony, Briseno's contention is reviewed under the plain-error standard. *United States v. Fierro*, 38 F.3d 761, 773 (5th Cir. 1994). The jury could rely on Espinosa's testimony to conclude that Briseno did not appear for work on the date of his offense and that he was not acting on Kiosko's behalf when he entered the United States. *See Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 647 (5th Cir. 1991).

The district court effectively determined that Enrique Gonzales-Villapando's testimony based on Kiosko's records was admissible pursuant to FED. R. EVID. 803(6). The admission of Gonzales's testimony was at most harmless error, if it is assumed that it was erroneous at all. *United States v. Sharpe*, 193 F.3d 852, 867 (5th Cir. 1999). Gonzales's testimony was cumulative of Espinosa's previous testimony based on the records.

Briseno did not object at trial that the Kiosko records themselves were not introduced into evidence. He does not allege that the business records did not support Espinosa's and Gonzales's testimony or were suspect in any regard. He has not shown a clear or obvious error regarding those records that affected his substantial rights. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

The jury could have concluded from Espinosa's and Gonzales's testimony that Briseno lied when he told a Federal agent that he had been sent to the United States on Kiosko business. Briseno's dishonesty was sufficient evidence of guilty knowledge to prove that he knew he carried contraband. *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). The Government need not prove that a defendant had knowledge of the type and quantity of the controlled substances involved in his offense. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999). Briseno's sufficiency contentions are unavailing.

Briseno is correct that this court has rejected the proposition that *Apprendi* rendered the drug-trafficking statutes facially unconstitutional. *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001). Briseno raises the issue to preserve it for possible review by the Supreme Court.

The district court did not err by denying Briseno an adjustment for a mitigating role. There is no indication in the

record that anybody else was involved in Briseno's offense. *See* U.S.S.G. § 3B, introductory commentary; U.S.S.G. § 3B1.2, comment. (n.2).

AFFIRMED.